UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELDRIDGE LEBLANC**                                        **CIVIL ACTION**

**VERSUS**                                                  **NO. 20-326-BAJ-RLB**

**HONEYWELL INTERNATIONAL, INC.**

## ORDER

Before the Court is Plaintiff's First Motion for Extension of Time filed on April 22, 2021 (R. Doc. 19). The motion is opposed. (R. Doc. 20-1).

Also before the Court is Defendant's Motion for Protective Order and to Quash Deposition Notices filed on April 28, 2021. (R. Doc. 20). The motion is opposed. (R. Doc. 23).

**I.    Background**

On May 29, 2020, Eldridge LeBlanc ("Plaintiff") commenced this employment discrimination action against his former employer Honeywell International Inc. ("Defendant" or "Honeywell"). (R. Doc. 1). Plaintiff alleges that he is an African-American male who suffers from spinal spondylosis and a bulging disc. (R. Doc. 1 at 3, 11). Plaintiff alleges that as an Operating Technician who worked on higher levels, a broken elevator later required him to use a staircase to carry certain containers. (R. Doc. 1 at 3). Plaintiff alleges he requested (but was denied) reasonable accommodations in light of the broken elevator, including working exclusively on a lower level and certification as a "board man." (R. Doc. 1 at 3-4). Plaintiff seeks relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794(a). (R. Doc. 1 at 1-2).

The Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery in this action on April 23, 2021, the deadline to file dispositive motions and Daubert motions on June 25, 2021, and for trial to commence on January 10, 2022. (R. Doc. 8).

On December 3, 2020, Defendant filed a motion to compel responses to written discovery. (R. Doc. 9). After Plaintiff failed to oppose the motion to compel, the Court granted the motion, ordered Plaintiff to provide written discovery responses, and awarded Defendant the recovery of costs and expenses. (R. Doc. 10).

On February 10, 2021, Defendant filed a motion seeking entry of a protective order governing the exchange of confidential information. (R. Doc. 12). The Court ordered Plaintiff to file a response to the motion indicating whether the motion is unopposed or, if not, setting forth the basis for any opposition. (R. Doc. 13). After Plaintiff failed to comply with the Court's order, the Court ordered Plaintiff to show cause, in writing, why sanctions should not be imposed against Plaintiff's counsel for failure to file a response as ordered. (R. Doc. 14). While Plaintiff's explanations (R. Docs. 15, 16) were sufficient, the Court reminded Plaintiff's counsel "that prompt communication with opposing counsel is necessary for the efficient management of litigation without court involvement." (R. Doc. 17). The Court entered the requested protective order into the record. (R. Doc. 18).

On April 20, 2021, Plaintiff requested to take the depositions of Carlos Navar and Steve Shirey on the basis that "he has learned of some new accommodation requests being granted at Honeywell," and asked whether Defendant was "amenable to a discovery extension for these depositions to take place." (R. Doc. 23-1). Defendant did not consent to the depositions or an extension of the discovery deadlines. (R. Doc. 23-2 at 1-2).

On April 22, 2021, just one day before the deadline to complete non-expert discovery, Plaintiff noticed the depositions to take place on May 31, 2021 (Memorial Day). (R. Docs. 23-4, 23-5). Plaintiff then filed his instant motion, which seeks an extension of the discovery deadlines or, in the alternative, modification of the discovery deadlines for the sole purpose of allowing the depositions of Carlos Navar and Steve Shirey to proceed. (R. Doc. 19).

On April 28, 2021, Defendant filed its instant motion, which seeks an order quashing the deposition notices as untimely, forbidding the depositions from taking place, and finding that Plaintiff has not established good cause for any extension of the discovery deadline. (R. Doc. 20).

The Court ordered Plaintiff to file a response to Defendant's motion on an expedited basis. (R. Doc. 22). Plaintiff filed a timely opposition, which focuses on arguing that Defendant has abused the discovery process by sending various supplemental and amended responses to initial disclosures and discovery responses, and that the extensions sought would not cause any prejudice to Defendant. (R. Doc. 23).

## II.  Law and Analysis

### A.  Defendant's Motion for Protective Order and to Quash Deposition Notices

Defendant seeks an order quashing the deposition notices and forbidding Plaintiff from conducting the depositions under Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure. Rule 26(c) allows the court where the action is pending to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from

3

stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Plaintiff served the deposition notices one day prior to the discovery deadline, noticing the depositions to occur on Memorial Day, over one month after the close of non-expert discovery. (*See* R. Docs. 23-4, 23-5).[1] This district's local rules provide, in relevant part, the following: "Discovery depositions must be completed before the discovery deadline. Notices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced." LR 26(d)(2).

Given the foregoing, the Court will grant Defendant's motion to the extent it seeks an order quashing the depositions as noticed. As discussed below, however, the Court finds good cause to modify the discovery deadline for the sole purpose of allowing these depositions to proceed for the limited purpose of addressing the new issue identified by Plaintiff.

B.   **Plaintiff's Motion for Extension of Time**

Plaintiff seeks an extension of the discovery deadline under Rule 16(b)(4) of the Federal Rules of Civil Procedure. Rule 16(b)(4) allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the

---

[1] Plaintiff did not seek to secure these depositions by subpoena. *See* Fed. R. Civ. P. 30(a)(1).

potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

      Plaintiff represents that approximately one week prior to the discovery deadline he first learned that another Honeywell employee who is not African-American was provided the specific accommodations Plaintiff had requested. (R. Doc. 19-1 at 1-2; R. Doc. 23 at 5). Plaintiff represents that he is now seeking to depose his former supervisors because they "are expected to testify as to whether these accommodations were actually granted to this employee." (R. Doc. 19-1 at 2; R. Doc. at 5). In arguing that Plaintiff was not diligent, Defendant highlights that Plaintiff has conducted only limited written discovery and the Court has had to compel Plaintiff to comply with Defendant's discovery requests. (R. Doc. 20-1 at 2-3). Defendant asserts that Plaintiff has not explained his failure to take depositions or seek information through written discovery. (R. Doc. 20-1 at 6-7).

      The Court agrees with Defendant that Plaintiff's counsel has not been diligent in conducting discovery in this action and counsel's performance in this matter has been troublesome. Nevertheless, Plaintiff represents that he is seeking to depose his former supervisors in light of new information obtained just a week prior to the close of discovery. While Plaintiff improperly noticed the depositions to occur after the close of discovery, he did take action by serving the deposition notices prior to the close of discovery. Plaintiff's explanation weighs in favor of allowing the depositions to proceed for the limited purpose of addressing the new issue identified by Plaintiff.

Plaintiff has also explained that the depositions are important to determine whether the accommodations were actually granted to the other employee.[2] Discovery on this particular issue is important to Plaintiff.

Finally, Plaintiff argues that any prejudice to Defendant is minimal and can be cured by an extension of other deadlines to the extent necessary. In opposition, Defendant argues that it would be prejudiced if the depositions are allowed because its counsel has already begun preparing dispositive motions, and any extension of the dispositive motion deadline would not cure the prejudice because it would burden the Court, delay ruling on summary judgment, and shorten the time before other pretrial deadlines.

Having considered the arguments of the parties, the Court concludes that an extension of the discovery deadline, allowing the two depositions for the limited purpose of addressing the new issue identified by Plaintiff, will not cause significant prejudice to Defendant. Moving the motion deadlines by one month to accommodate these depositions will not interfere with the trial date or require modification of any other deadlines. Furthermore, allowing the depositions to occur prior to the filing of motions for summary judgment may preempt any later request for this same discovery pursuant to Rule 56(d), which would possibly further delay these proceedings.

Accordingly, the Court finds good cause to modify the discovery deadline for the sole purpose of allowing Plaintiff to depose Carlos Navar and Steve Shirey. The scope of these depositions is limited to pertinent background information on the deponents and the issue of whether and to what extent Honeywell provided accommodations to the non-African-American

---

[2] Plaintiff originally identified the other employer as African-American. (R. Doc. 19-1 at 2). In light of this, Defendant argues that the discovery sought is not relevant to Plaintiff's burden of proof because the individual is within Plaintiff's protected class. (R. Doc. 20-1 at 7-8). Plaintiff subsequently explains that his original characterization of the other employee was made in error, and the other employee is, in fact, not African-American. (R. Doc. 23 at 5).

employee identified by Plaintiff. The Court does not, however, find good cause to reopen discovery for all purposes in this action.[3] Questions outside of the scope of this order need not be answered. The Court will modify the deadline to file dispositive motions and Daubert motions to accommodate these limited depositions.

**III.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Protective Order and to Quash Deposition Notices (R. Doc. 20) is **GRANTED IN PART and DENIED IN PART**. The deposition notices are **QUASHED** as written.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion for Extension of Time (R. Doc. 19) is **GRANTED**. Plaintiff may depose the non-parties Carlos Navar and Steve Shirey on the limited issues identified in this Order on or before **June 11, 2021**, or as otherwise agreed upon by the parties.[4] The deadline to file dispositive motions and Daubert motions is extended to **July 12, 2021**. All other deadlines remain unchanged.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on May 13, 2021.

_____
RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

[3] "Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting." LR 26(d)(1).
[4] The Court will not, however, entertain any discovery related motions pertaining to these depositions if filed after June 11, 2021, even if the parties agree to conduct the depositions at a later date.